UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUBWAY FRANCHISE SYSTEMS OF CANADA, ULC,

          Petitioner,

-against-

SUBWAY DEVELOPMENTS 2000, INC.,

          Respondent.

24-cv-593 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

On January 26, 2024, Subway Franchise Systems of Canada, ULC (Subway) petitioned the Court to vacate an arbitration award. Dkt. 1. The arbitration award ordered Subway to make certain interim payments to Subway Developments 2000, Inc. (Developments) during the pendency of the parties' arbitration. Developments moved to dismiss Subway's petition, or in the alternative to confirm the award. Dkt. 28.

After the petition and motion to dismiss were fully briefed, Subway notified the Court that the arbitrator imposed a sanction on Subway. Dkt. 42. Subway provided the Court a copy of the arbitrator's sanctions order and a motion Subway had filed to stay the sanctions order. Dkts. 42-1 to -2. In response, Developments provided the Court a copy of its opposition brief to Subway's motion to stay. Dkt. 43-1. Shortly after, Developments wrote to the Court stating that the arbitrator had denied Subway's motion to stay. Dkt. 44. Developments attached the arbitrator's order and her decision (titled a "statement of reasons"). Dkts. 44-1 to -2. Subway responded that Developments' letter "correctly notes that the Arbitrator has denied Subway's request that she stay the … award, and its enforcement," but that Subway "disagree[d] with the Arbitrator's conclusions factually and legally." Dkt. 45 at 1. Subway then stated that "in the event Your Honor were to consider the Arbitrator's April 30, 2024 and May 10, 2024 order in resolving this matter, Subway requests the opportunity to respond on these points." *Id.*

On June 21, 2024, the Court denied Subway's petition, denied Developments' motion to dismiss, and confirmed the arbitration award. Dkt. 46. The Court held that the arbitrator's interim payment award was based on a fair reading of the parties' contract. The arbitrator had also rejected Subway's argument that the interim payment issue was outside the scope of her jurisdiction, holding that Subway waived the argument by failing to raise it earlier. The Court pointed out that Subway's petition did not even address the arbitrator's waiver holding, much less explain why it was incorrect. The Court's opinion cited the arbitrator's stay decision twice.

On July 24, 2024, Subway made a motion to alter or amend the judgment to remove findings of fact and conclusions of law based on the arbitrator's stay decision. Dkt. 48. Subway requested, in the alternative, that the Court grant a motion for reconsideration. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." "A party moving pursuant to Rule 52(b) may seek to correct manifest errors of law or fact, or in some limited situations, to present newly discovered evidence. Parties, however, are not permitted to relitigate old issues, to advance new theories, or to secure a rehearing on the merits. Nor does the Rule provide an avenue for a party merely ruing an oversight of its own in failing to introduce foreseeably relevant evidence." *Gonzalez v. United States*, 2021 WL 1606182, at *1 (S.D.N.Y. Mar. 1, 2021) (cleaned up), *aff'd*, 80 F.4th 183 (2d Cir. 2023).

"Under Rule 59(e), district courts may alter or amend [a] judgment to correct a clear error of law or prevent manifest injustice. A Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (cleaned up).

Finally, Rule 60(b) allows the district court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding" in certain circumstances. "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (cleaned up).

## DISCUSSION

Subway argues that the Court violated Subway's due process rights by including the following words in a 9-page single-spaced opinion: "The arbitrator herself noted this in a recent order. Dkt. 44-2 ¶ 3" and "*see also* Dkt. 44-2 ¶ 2."[1] According to Subway, these citations to the arbitrator's decision (which resolved a motion that *Subway* brought to the Court's attention) were improper. But not to worry, because Subway says that this "manifest injustice" can be remedied if the Court simply strikes these 19 words from its opinion. Subway's half-baked argument fails. The Court's two brief references to the arbitrator's stay decision do not constitute error and neither amendment nor reconsideration is warranted.

The primary relief sought by Subway in its motion is just to "strike any reference" to the stay decision in the Court's opinion. Dkt. 49 at 12. That alone is enough to show that this motion

---

[1] The Court also referenced the stay decision in the background section when the Court acknowledged that the sanctions order and the stay order had been entered since the arbitration award. Dkt. 46 at 2–3. Subway does not appear to object to this reference, likely because it was *Subway* who first alerted the Court that the arbitrator had issued a sanctions order and the Subway had sought a stay. Dkt. 42.

is all smoke, and no substance. Not only were the Court's references to the arbitrator's stay decision brief, but the context of the Court's two references make Subway's motion particularly bizarre. As to the first reference, the Court noted that despite Subway's "repeated[ ] suggest[ions] that the interim payments were not meant to continue for nearly two years," Subway had not identified anywhere in the record where it "sought a faster arbitration process than it got." Dkt. 46 at 7. The Court never concluded that Subway did not in fact seek a faster arbitration. Instead, the Court found that Subway failed to support its argument with record support. The Court then observed that the "arbitrator herself noted this in a recent order," citing the arbitrator's decision on Subway's motion to stay. *Id.* But regardless of what the arbitrator noted after the petition was filed, the Court's point remained the same: Subway raised an argument in its petition without substantiating it.

As to the second reference, the Court noted that the arbitration award was based on the arbitrator's finding that "Subway waived any argument about the arbitrator's authority[.]" *Id.* The Court cited two instances where the arbitrator had raised this waiver point during the hearing at which the arbitrator orally announced the award. *Id*. The Court then included a "see also" cite to the arbitrator's stay decision, where the arbitrator raised the waiver point again. Yet despite the arbitrator relying on waiver to inform her award, Subway did not address the issue at any point in its briefing. Here too, the Court's holding (that Subway's petition to vacate failed to address the issue) did not depend on the arbitrator's stay decision.

Subway now claims that it didn't raise any argument in its petition about waiver because "there was nothing in the January 12, 2024 Award regarding Subway's purported waiver of any argument about the Arbitrator's authority." Dkt. 53 at 5. This argument is misleading. The arbitration award that Subway sought to vacate was pronounced orally by the arbitrator on October 4, 2023, during a hearing. *See* Dkt. 30-11. The award was then put into writing in a January 12, 2024 order. Dkt. 1-1. The order just contained the bottom-line holding, without any of the reasons or explanations given during the hearing. So while the waiver argument was not addressed in the January 21, 2024 order (in fact, there were no arguments referenced in that order at all), Subway was clearly on notice that the arbitrator had cited waiver as a basis for rejecting Subway's jurisdiction argument.

Subway argues that the Court committed "manifest injustice and manifest error of law and fact," by relying on the stay decision without providing Subway a chance to respond. But the Court is permitted to take judicial notice of a filing in an arbitration proceeding. *Purjes v. Plausteiner*, 2016 WL 552959, at *4 (S.D.N.Y. Feb. 10, 2016).[2] Subway has not pointed to any cases indicating that a Court may not reference a judicially noticeable document without providing a party a chance

---

[2] Subway admits that the "Court can take judicial notice of the fact that the [stay decision] was entered in the arbitration, but the Court cannot consider those subsequent orders for the truth of the matters asserted therein, as it did here." Dkt. 53 at 3–4. Yet the Court never considered the truth of the arbitrator's decision, instead just noting that the arbitrator had made certain findings in her stay decision.

to file supplemental briefing. Subway cites *Lightfoot v. Hartford Fire Insurance Company*, 2011 WL 13208962 (E.D. La. March 14, 2011). But there, the district court granted reconsideration after it relied on an ultimately incorrect argument raised for the first time in a reply brief. *Id.* at *2. Here, by contrast, the Court never cited (even in passing) arguments raised by Developments after the briefing was complete, instead referring only to the arbitrator's subsequent order.

Subway also says that the doctrine of *functus officio* barred the Court from even so much as referencing the arbitrator's subsequent orders. "The *functus officio* doctrine dictates that, once arbitrators have fully exercised their authority to adjudicate the issues submitted to them, their authority over those questions is ended, and the arbitrators have no further authority, absent agreement by the parties, to redetermine those issues." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 379 (2d Cir. 2023) (citation omitted). The doctrine has no relevance to the case at hand. The arbitrator's stay decision was not an attempt to redetermine, revisit, or provide additional justification for the prior award. Instead, the arbitrator was responding to Subway's motion for a stay. And the Court was not referencing the arbitrator's stay decision to justify an otherwise invalid award.

Finally, Subway argues that the arbitrator's decision on the stay was wrong, which "Subway would have explained had it been provided the opportunity." Dkt. 49 at 15. Subway says that it did seek a faster arbitration process and did not waive any jurisdictional arguments. These arguments show the true reason Subway filed this motion: to try to take a "second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). In denying Subway's petition to vacate, the Court pointed out several crucial issues that Subway had altogether failed to address. Now, for the first time, Subway tries to raise those arguments and relitigate the petition under the guise of a motion for reconsideration. But the time to litigate Subway's petition has passed and the Court declines to consider arguments that Subway should have raised in its petition.

## CONCLUSION

For the reasons stated above, Subway's motion is DENIED. The Clerk of Court is directed to terminate Dkt. 48.

SO ORDERED.

Dated: August 22, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge